Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50221 | **DATE** | 1/3/2002 |
| **CASE TITLE** | Mauldin vs. Blackhawk Area Credit Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JAN 07 2002 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 2002 JAN -7 AM 11:31 | 1-4-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Gene S. Mauldin, originally filed his two-count complaint against defendant, Blackhawk Area Credit Union ("BACU"), in an Illinois state court on June 1, 2001. Because Count II of that complaint alleges a claim under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161, BACU removed the case to this court under 28 U.S.C. § 1441 on the basis of federal question jurisdiction, see id. § 1331, with supplemental jurisdiction over Count I, see id. § 1367(a). Before the court is Mauldin's motion to remand, filed pursuant to 28 U.S.C. § 1447(c).

The sole basis for Mauldin's motion to remand is that BACU's notice of removal is untimely – specifically, that BACU filed its notice of removal more than thirty days after being served. See id. § 1446(b). BACU admits it received a summons and copy of Mauldin's complaint on June 9, 2001. (Def. Resp., p. 3; Notice of Removal Exh. 2) It also admits (as it must) more than thirty days elapsed between June 9, 2001, and July 11, 2001, when it filed its notice of removal in this court. (Id., p. 2) What BACU disputes, though, is whether the manner in which service was attempted on June 9 complied with Illinois procedural rules for effecting service of process, such that the thirty-day clock never started. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-56 (1999) (thirty-day removal clock does not begin until defendant receives proper service of summons and complaint under state law).

Kirk Raab is both a client of attorney Havrilesko, who also represents Mauldin in the present case, and a full-time sheriff of the Jo Daviess County Sheriff's Department. (Def. Exh. A, Melton Aff. ¶ 3) (In fact, attorney Havrilesko represents Raab in a claim against BACU in a case pending before this court.) At Havrilesko's request, Raab personally delivered the summons and complaint in Mauldin's case to BACU at one of its offices in Carroll County on June 9. At the time, Raab was dressed in a white tank top and multi-colored shorts or pants and was accompanied by his sister-in-law.

BACU concedes Illinois rules of civil procedure allow sheriffs to serve process and summons outside their home county, but argues a sheriff who does so must be acting in his or her "official capacity." See 735 ILL. COMP. STAT. 5/2-202(a), (b). In this vein, the court agrees Sheriff Raab was not acting in his "official capacity" when he showed up at BACU on June 9 in a tank top and shorts. In fact, according to the affidavit of Brian Melton, the Chief Deputy Sheriff of Jo Daviess County, Raab himself admitted as much when he told Melton in a phone conversation on August 7, 2001, that he (Raab) was not acting in his official capacity when he served BACU. (Def. Exh. A, Melton Aff. ¶ 8)

Mauldin, for his part, has not filed any sort of counter-affidavit from Raab to contradict this evidence and has not even directly responded to this line of argument. Instead, Mauldin argues only that BACU waived its right to contest the (in)sufficiency of service of process by not objecting or filing a motion to quash in state court. But that is only because BACU (from what the court can tell) never filed any sort of appearance in state court – limited, special, or otherwise – and removed the case to federal court instead. By doing so, BACU did not waive its right to object to insufficient service of process or personal jurisdiction. See Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995), cert. denied, 517 U.S. 1121 (1996).

Because Raab was not acting in his official capacity when he served BACU, service was improper under Illinois law. Therefore, the thirty-day removal technically never really began, meaning BACU's notice of removal was timely.

For the reasons stated above, Mauldin's motion to remand is denied.