Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50221 | **DATE** | 8/30/2002 |
| **CASE TITLE** | Venn vs. Blackhawk | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, Plaintiff's motion for protective order is denied. Defendant's motion to dismiss is denied. Defendant is to submit a statement of jurisdiction by September 20, 2002.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 3 2002 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | 02 SEP -3 AM 10:37 | 8/30/2002 date mailed notice |
| sw | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

Document Number: 26

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| JOHN E. VENN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 50221 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| BLACKHAWK AREA | ) | |
| CREDIT UNION | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This court addresses two motions filed by the parties. Plaintiff, trustee of the bankruptcy estate, filed a motion for protective order on July 15, 2002. Plaintiff argues in his motion that the original Plaintiff, Gene Mauldin (hereinafter "Mauldin"), is no longer a party and cannot be compelled to answer discovery requests. Defendant, on the other hand, filed a motion to dismiss on July 12, 2002. Defendant argues that because Mauldin will not cooperate with discovery requests, the claim by Mauldin against Defendant should be dismissed. For the reasons stated in this memorandum and order, this court denies both Plaintiff's motion for protective order and Defendant's motion to dismiss. Additionally, this court orders a statement from Defendant as to whether federal jurisdiction is still present.

**Motion for Protective Order**

This court first turns to the motion for protective order. Under Federal Rules of Civil Procedure 26 "the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more

1

of the following: (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Fed. R. Civ. P. 26 (c)(2). Plaintiff has asked this court that "discovery served upon Gene Mauldin not be had" and that "Gene Mauldin not be subject to deposition by Notice to a Party." (Plaintiff's Motion for Protective Order). Thus, before this court can rule on the protective order it must determine if Gene Mauldin, the debtor, is still a party to the lawsuit.

Under 11 U.S.C § 323 (b) of the Bankruptcy Code, a trustee may intervene as the estate's representative, under section 323(a), as a plaintiff or defendant in suits pending at the time of bankruptcy, with or without bankruptcy court approval. *See* 3 Collier on Bankruptcy §323.03 (15 ed. 2001). As an intervenor, the trustee has the "general duties of marshalling all available property, reducing it to money, distributing it to creditors, and closing up the estate." *See Koch Refining v. Farmers Union Central Exchange*, 831 F.2d 1339, 1342 (7th Cir. 1987).

Plaintiff's amended complaint states a single claim for breach of contract against Mauldin's former employer. While Mauldin's original complaint was filed before he filed bankruptcy, under 323 (b) the trustee was able to intervene as the estate's representative and continue the pending suit. The breach of contract claim, therefore, becomes a claim brought not solely by Mauldin, but also by the intervener, Mauldin's estate. *See Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). As such, this court holds that because the trustee merely intervened in the pending claim Mauldin remains a party accessible to discovery. In order for the trustee to "marshall all available property," and at the same time give the defendant adequate ability to respond to the breach of contract claim, Mauldin must be available for discovery and is thus considered a party subject to discovery.

**Defendant's Motion to Dismiss**

Next, this court turns to Defendant's motion to dismiss. Although not specifically mentioned, Defendant's motion to dismiss appears to be based on Federal Rule of Civil Procedure 37(d). Under 37(d), if a party fails to comply with discovery requests, "the court in which the action is pending on motion may make such orders in regard to the failure as are just, ... ." Fed. R. Civ. P. 37(d). One such appropriate order under the rule is "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). However, such an order is generally considered extreme and not warranted at this time. *See Murry v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 98 C 1734, 2000 WL 263704, at *3 (N.D. Ill. Feb. 28, 2000)("Although failure to comply with discovery procedures bring Rule 37 into play, the reason for the failure is critical in determining which sanctions are appropriate. The most extreme sanctions such as dismissal and default judgment should be imposed only where failure to comply is deliberate and results from bad faith. Generally, dismissal or default judgment is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." (citing *Metropolitan Life Insur. Co. v Cammon*, 1989 WL 153558 (N.D. Ill. Nov. 7, 1989)).

Although Plaintiff's avoidance of all discovery requests appears to be deliberate, this court does not believe such action to be done in bad faith. As such, this court does not grant Defendant's motion. However, this court warns Plaintiff that failure to comply with discovery requests in the future may lead to appropriate sanctions, including the dismissal of Plaintiff's complaint with prejudice. Thus, this court orders Plaintiff to respond to all outstanding discovery within twenty-one days of the date of this order. Further, this court orders Mauldin to be made

3

available for a deposition at a reasonable time and a reasonable place.

**Jurisdictional Question**

Lastly, this court turns to an issue not raised. Plaintiff's amended complaint was filed in this court after removal from state court. Although the original complaint contained an ERISA claim, the amended complaint asserts a single claim for breach of contract. This court recognizes that federal jurisdiction is determined at the time of removal, but the Seventh Circuit has held that if all federal claims drop out, a court may hear the state claim or remand it back to state court. *See Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998)("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claim."). Further, because the amended complaint was filed in this court after removal, the Federal Rules of Civil Procedure must govern. *See* Fed. R. Civ. P. 81(c); *Sims v. Senior Income Reverse Mortg. Corp*, 2002 WL 424351 (N.D. Ill. March 18, 2002). Federal Rules of Civil Procedure 8(a) requires that the grounds for the court's jurisdiction be stated in the complaint. Plaintiff's amended complaint contains no such grounds.

Additionally, whether this court has jurisdiction pursuant to 28 U.S.C. §1332 is unknown to this court at this time. Unless this court has federal jurisdiction with regards to the amended complaint, this court may issue a report and recommendation to the District Court recommending the claim be remanded to state court. Therefore, pursuant to Local Rule 81.2 of the Northern District of Illinois Local Rules, this court orders a statement by Defendant asserting a good faith

4

belief that there are diverse parties and that the amount in controversy exceeds the jurisdictional amount or a statement asserting other grounds of federal jurisdiction. This court further orders that Defendant's statement be filed within 14 days of this order.

For the above stated reasons, this court orders that Plaintiff's motion for a protective order is denied. Further, it is ordered that Defendant's motion to dismiss is denied. Lastly, it is ordered that Defendant submit a statement of jurisdiction by September 20, 2002.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/3/02