# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50221 | **DATE** | 9/19/2002 |
| **CASE TITLE** | Venn vs. Blackhawk Area Credit Union | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Statement of Jurisdiction

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] It is the Magistrate's Report and Recommendation that this case be remanded to state court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 20 2002 |
| | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | |
| ✓ | Copy to judge/magistrate judge. | 9/19/2002 |
| | | date mailed notice |
| sp | courtroom deputy's initials | sp |
| | | mailing deputy initials |

U.S. DISTRICT COURT

2002 SEP 19 PH 4: 15

Date/time received in central Clerk's Office

Document Number

30

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

JOHN E. VENN, JR., Trustee,　)
Bankruptcy Estate of　　　　　)
GENE S. MAULDIN,　　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　)　　　Case No. 01 C 50221
　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　)　　　Magistrate Judge
　　　　　　　　　　　　　　)　　　P. Michael Mahoney
BLACKHAWK AREA CREDIT UNION,　)
　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　)

## REPORT AND RECOMMENDATION

On September 3, 2002, the Magistrate Judge issued an Order asking Blackhawk Area

Credit Union ("Defendant") to submit a statement of jurisdiction pursuant to Local Rule 81.2 of

the Northern District of Illinois. Defendant submitted Defendant's Statement of Jurisdiction

arguing that jurisdiction is proper pursuant to 28 U.S.C. §1332. For the following reasons, it is

the Report and Recommendation of the Magistrate Judge that Defendant did not provide an

adequate statement of jurisdiction as per the Order of September 3, 2002 and, as such, the case be

remanded to state court.

## Background

Gene Mauldin ("Mauldin") filed his complaint in state court on June 1, 2001. Mauldin's

complaint alleged two counts: Count I alleged a violation of the Illinois Personnel Record

Review Act, 820 ILCS 40/12 and Count II alleged a federal claim under COBRA, 29 U.S.C.

§1161 et seq. On July 11, 2001, Defendant filed a notice of removal to remove the case from the

state court. Sometime between July 2001 and January 2002 Mauldin filed for bankruptcy

protection because on January 9, 2002, Defendant filed notice of Plaintiff-Debtor's Bankruptcy

and Motion to Dismiss. On March 3, 2002, the Magistrate Judge granted Plaintiff's motion to

substitute the trustee John E. Venn Jr. ("Plaintiff") as Plaintiff. Plaintiff filed a Motion for Leave

to Amend the complaint on July 9, 2002, which was granted on August 23, 2002, asserting a

single claim for breach of contract--a state claim.

## Discussion

At the time of the September 3, 2002 Order, the Magistrate Judge did not know if

diversity jurisdiction or any other form of federal jurisdiction existed. In response to that Order,

Defendant submitted Defendant's Statement of Jurisdiction which states:

> 1. Plaintiff has filed a one count Amended Complaint alleged breach of Contract. Thus, Plaintiff has abandoned his prior claims which included a question of federal law (COBRA).

> 2. Jurisdiction is proper pursuant to 28 U.S.C. Section 1332 inasmuch as there is diversity of the parties.

> 3. According to paragraph 1 of Plaintiff's original Complaint, filed on June 1, 2002, Plaintiff resides in Birmingham, Alabama. As recently as August 23, 2002, Plaintiff's counsel represented to Defendant's counsel that Gene S. Mauldin currently resides in the State of Florida. According to Plaintiff's Motion to Substitute, Plaintiff filed for bankruptcy in Pensacola, Florida. The trustee of his bankruptcy estates is John E. Venn, Jr..

> 4. Upon information and belief, Trustee John E. Venn, Jr. resides in the State of Florida. On August 23, 2002, Plaintiff's counsel represented to Defendant's counsel that Trustee John E. Venn, Jr. resides in the State of Florida.

> 5. Although not specified in the Amended Complaint, Plaintiff appears to seek damages in excess of $75,000. Specifically, Plaintiff's prayer for relief seeks compensatory damages for lost

2

wages and benefits as provided in Exhibit A which is attached to
Plaintiff's Amended Complaint.

6. Based upon the Agreement's terms related to compensation and
benefits, and the terms of the Agreement, Defendant has a good
faith belief that Plaintiff is seeking in excess of $75,000.

Mysteriously missing from Defendant's Statement of Jurisdiction is the citizenship of

Defendant. In addition, the statement is sketchy about the amount in controversy. Both defeat

diversity jurisdiction.

Without diversity jurisdiction, supplemental jurisdiction is all that remains. The

Magistrate Judge recognizes that federal jurisdiction is determined at the time of removal, but the

Seventh Circuit has held that if all federal claims drop out, a court may hear the state claim or

remand it back to state court. *See Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir.

1998)("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been

properly removed to federal court, although if all the federal claims drop out before trial, even as

a consequence of the plaintiff's own voluntary dismissal, the district judge normally will

relinquish jurisdiction over the state-law claim.") The district court usually follows the general

rule that "when the federal claims are dismissed prior to trial, the district court should decline to

exercise supplemental jurisdiction over the supplemental state law claims." *Bajorat v.*

*Columbia-Breckenridge Development Corp.*, 944 Supp. 1371, 1383 (N.D. Ill. 1996)(Reinhard,

J.)(citing *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546-47 (7th Cir. 1996); *see also Daimler*

*Chrysler Corp., v. BFI Waste Systems of North America Inc.*, No. 01 C 50280, 2002 WL

1033100, at #3 (7th Cir. May 21, 2002)("When the court disposes of all the federal claims before

trial, relinquishing jurisdiction over pendant state law claims is the norm not the exception.")

3

Therefore, the Magistrate Judge recommends that this case be remanded to state court.

## Conclusion

For the foregoing reasons, it is the Report and Recommendation of the Magistrate Judge that this case be remanded to state court. Parties are given ten days from service of this order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

**ENTER:**

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

**DATE:** 9/19/02